UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NEWLAND NORTH AMERICA FOODS, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:13-CV-74-PPS-PRC |
| ZENTIS NORTH AMERICA OPERATING, LLC and NORBERT WEICHELE individually, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses 1, 2, 4, 5, 10, 11, 12, & 13 Pursuant to FRCP 12(f)(2) [DE 15], filed by Plaintiff Newland North America Foods, Inc. on April 5, 2013. Defendants Zentis North America Operating, LLC and Norbert Weichele filed a response on April 19, 2013. Plaintiff filed a reply on April 26, 2013.

**BACKGROUND**

On February 21, 2013, Plaintiff brought this action against Defendant, alleging violations of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t ("PACA"), breach of contract, and breach of fiduciary duty. The Complaint alleges that Plaintiff sold Defendants sour cherries worth $176,773.81 and that Defendants have not paid Plaintiff. On March 15, 2013, Defendants filed their Answer, which asserted fourteen Affirmative Defenses. Plaintiff filed the instant motion asking the Court to strike eight of the Affirmative Defenses.

**ANALYSIS**

Plaintiff asks the Court to strike Affirmative Defenses Nos. 1, 2, 4, 5, 10, 11, 12, and 13. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient

1

defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are generally disfavored because they often serve only to delay proceedings, they can serve to expedite a case when used to "remove unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

"Affirmative Defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement' of the defense." *Id.* (internal citations omitted). They "will be stricken only when they are insufficient on the face of the pleadings." *Id.* "'[B]are bones conclusory allegations' that fail to address the necessary elements of the alleged defense are insufficient on the face of the pleading." *Brass v. Dunlap*, No. 09-cv-6873, 2012 WL 5964591, at *2 (N.D. Ill. Nov. 28, 2012) (citing *Heller*, 883 F.2d at 1294-95).

### A. Affirmative Defenses Nos. 1, 10, 12

Affirmative Defense No. 1 provides:

> 1. The Complaint fails to state a claim upon which relief may be granted.

Answer, p. 11. Affirmative Defense No. 10 provides:

> 10. Plaintiff's claims are barred by estoppel and/or waiver.

Answer, p. 12. Affirmative Defense No. 12 provides:

> 12. Zentis asserts any and all defenses applicable to it under the Uniform Commercial Code in addition to those specifically identified in these affirmative defenses.

Answer, p. 12. Plaintiff argues that each of these affirmative defenses is insufficiently pleaded because they do not provide Plaintiff with notice of the legal or factual bases for the defenses. The Court agrees. The Seventh Circuit has found that "bare bones conclusory allegations" are insufficient as affirmative defenses under Rule 8. *Heller*, 883 F.2d at 1295. District courts in this

2

Circuit have applied this standard to strike insufficiently pleaded affirmative defenses under Rule 12(f). *See Davis v. Mortg. Servs., Inc.*, 592 F. Supp. 2d 1052, 1058-59 (N.D. Ill. 2009) (striking affirmative defenses of estoppel and waiver that "fail to point to specific allegations in the pleadings that satisfy the essential elements of either defense"); *LaSalle Bank Nat'l Assoc. v. Paramont Props.*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008) (striking a failure to state a claim affirmative defense because it did not provide "any of the minimal specifics required by Rule 8" as to the deficiencies in the complaint); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (striking affirmative defense of estoppel and waiver because it did "not do the job of apprising opposing counsel and [the court] of the predicate for the claimed defense–which after all is the goal of notice pleading"); *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (striking affirmative defenses that are "bare-bones conclusory allegations, simply naming legal theories without indicating how they are connected to the case at hand"); *Codest Eng'g v. Hyatt Intern. Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996) (striking a failure to state a claim affirmative defense because it failed to notify the plaintiff of the alleged infirmities in the complaint). Here, the Court finds that Defendants have provided no indication of the factual or legal bases for these affirmative defenses, and, consequently, the defenses fail to provide adequate notice to Plaintiff under Rule 8. Accordingly, the Court strikes Affirmative Defenses 1, 10, and 12 without prejudice.

### B. Affirmative Defense No. 2

Affirmative Defense No. 2 provides:

> 2. The Complaint fails to state any basis for the recovery of attorneys' fees.

Answer, p. 11. Plaintiff argues that this defense should be stricken because the Complaint does not

contain a request for attorneys' fees and the affirmative defense consequently constitutes a form of "clutter" that Rule 12(f) is designed to prevent. Defendants concede that the Complaint does not contain an express request for attorneys' fees, but they argue that the defense should not be stricken because Plaintiff may eventually assert a claim for fees. Given that Plaintiff is not currently seeking attorneys' fees, the Court finds that the affirmative defense is immaterial to the cause of action and constitutes clutter that is appropriately removed under Rule 12(f). Accordingly, the Court strikes Affirmative Defense No. 2 without prejudice.

### C. Affirmative Defense No. 4

Affirmative Defense No. 4 provides:

> 4. Plaintiff failed to preserve its trust benefits and lost the benefits of any claimed trust by failing to give written notice to Zentis of its intent to preserve the benefits of the trust within 30 calendar days after expiration of 30 days after payment allegedly became due under 7 U.S.C. § 499e(c)(3).

Answer, p. 11. Plaintiff argues that the Court should strike this affirmative defense because Plaintiff complied with PACA's written notice requirements through an alternate method provided by the statute. Specifically, Plaintiff asserts that it included statutorily prescribed language on its invoices to Zentis that preserved its trust benefits.[1] Defendants contend that Plaintiff is attempting to argue the merits of the affirmative defense instead of testing its sufficiency as a pleading. The Court agrees with Defendants that Plaintiff's argument is premature at this early stage of the litigation. Plaintiff labels this affirmative defense "clutter" because Plaintiff has concluded that the defense is ultimately without merit. However, a Rule 12(f) motion is not designed to resolve the merits of affirmative defenses. Whether this affirmative defense is a *good* one can be determined at a later

---

[1] Plaintiff attached the invoices to its motion. However, these invoices are not part of the pleadings and the Court will not consider them.

time.  For now, Defendants have sufficiently pleaded the affirmative defense.  Accordingly, the Court denies the motion as to Affirmative Defense No. 4.

### D.  Affirmative Defense No. 5

Affirmative Defense No. 5 provides:

> 5. Plaintiff has failed to post a bond required by 7 U.S.C. § 499f(e) or to seek the appropriate waiver of such bond.

Answer, p. 11.  Defendants concede that Affirmative Defense No. 5 is inapplicable to Plaintiff's cause of action.  Accordingly, the Court strikes Affirmative Defense No. 5.

### E.  Affirmative Defense No. 11

Affirmative Defense No. 11 provides:

> 11. Plaintiff is a debtor subject of a pending insolvency matter in Canada, venued in the Province of Quebec, District of Beauharnois and assigned case no. 760-11-005445-123 and is not the proper party in interest to this action.

Answer, p. 12.  Plaintiff argues that the Court should strike this affirmative defense because it does not explain how Plaintiff's involvement in an insolvency proceeding would defeat Plaintiff's claims. Defendants respond that Plaintiff lacks standing to bring this cause of action because Plaintiff has been placed into receivership as a result of a bankruptcy proceeding.  Plaintiff disputes the fact that it has filed for bankruptcy and that it lacks standing to bring this cause of action.  The Court is unpersuaded by Plaintiff's argument as Rule 12(f) motions are not designed to resolve factual disputes between the parties.  The Court finds that Plaintiff has sufficient notice as to the factual and legal basis of the defense and that the defense has been sufficiently pleaded.

Although not addressed by the parties, the Court notes that a lack of "standing is not an affirmative defense under federal law." *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003).  However, the Court will not strike this affirmative defense because

5

lack of standing appears to be an affirmative defense under Indiana law, *see IGF Ins. Co. v. Continental Cas. Co.*, No. 1:01-cv-799, 2007 WL 1068456, at *15 (S.D. Ind. March 31, 2007) ("Indiana law provides that the defendant has the burden of proof on the issue of standing, as Indiana courts hold that it is an affirmative defense."), and Plaintiff is asserting at least one state law claim. Accordingly, the Court denies the motion as to Affirmative Defense No. 11.

### H. Affirmative Defense No. 13

Affirmative Defense No. 13 provides:

> 13. Newland is a foreign corporation transacting business in Indiana without a certificate of authority and, therefore, ma [*sic*] not maintain a proceeding in any court in Indiana until it obtains a certificate of authority in accordance with I.C. § 23-1-49-2.

Answer, p. 13. Plaintiff argues that the Court should strike this affirmative defense as clutter because I.C. § 23-1-49-2 cannot divest the Court of jurisdiction over a federally created cause of action and because it does not apply in federal proceedings. The Court agrees that the Indiana law cannot divest the Court of jurisdiction over Plaintiff's PACA claims. *See* 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1569 ("Of course, if the right being sued upon is created by federal law, then a state door-closing statute will not be applied."). If the PACA claims were Plaintiff's only claims, striking the defense as clutter might be appropriate. However, the Complaint also contains at least one state law claim–Plaintiff's breach of contract claim. In order to strike the affirmative defense as clutter, Plaintiff would also have to show that § 23-1-49-2 is not applicable to the current cause of action.

Plaintiff's argument as to I.C. § 23-1-49-2 not applying in federal court is limited to one sentence ("Further, the statute does not apply in federal proceedings.") and a citation to *Cedar City Amusements v. Bartholomew County 4-H Fair*, 1:10-cv-392, 2011 WL 1527917 (S.D. Ind. April

6

20, 2011), which stated in a footnote that the "statute does not apply in federal proceedings." *Cedar City*, 2011 WL 1527917, at *3 n.1. Leaving aside the fact that the statute discussed by *Cedar City* is not the statute at issue here,[2] the Court is unpersuaded by the reasoning in *Cedar City*. *Cedar City* relied on a pre-*Erie* case, *Peter & Burghard Stone Co. v. Carper*, 172 N.E. 319 (Ind. App. 1930), in support of its conclusion. That pre-*Erie* case relied, in turn, on *David Lupton's Sons Co. v. Automobile Club*, 225 U.S. 489 (1912), which has been expressly overruled by Supreme Court cases following *Erie*. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949) ("We said in *Angel v. Bullington* that the case of *Lupton's Sons* had become 'obsolete' insofar as it was based on a view of diversity jurisdiction which came to an end with *Erie Railroad Co. v. Tompkins*." (internal quotation marks omitted)); 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1569 (describing the Supreme Court abandoning the reasoning of *Lupton's Sons*). Thus, the only legal authority cited by Plaintiff relies on overruled Supreme Court precedent. The Court declines to strike the affirmative defense as it appears possible that it can be asserted against Plaintiff's state law claim. *See Rehab Group East, Inc. v. Camelot Terrace, Inc.*, No. 10 cv 02350, 2010 WL 5174369 (N.D. Ill. Dec. 15, 2010). Accordingly, the Court denies Plaintiff's motion with respect to Affirmative Defense No. 13.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike Affirmative Defenses 1, 2, 4, 5, 10, 11, 12, & 13 Pursuant to FRCP 12(f)(2) [DE

---

[2] *Cedar City* addressed a door closing statute applicable to LLCs, I.C. § 23-18-11-3(a), but is otherwise similar to the statute at issue.

15]. The Court **STRIKES** Affirmative Defenses 1, 2, 5, 10, and 12.

SO ORDERED this 6th day of June, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record